STATE of Tennessee, Appellee,

v.

Donald Richard SILVA, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

July 24, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, Dee Jay, Asst. Dist. Atty. Gen., Springfield, for appellee.

Michael R. Jones, Walton & Jones, P.C., Springfield, for appellant.

## OPINION

O'BRIEN, Judge.

The case comes from the Criminal Court of Robertson County where defendant had been incarcerated in the County Jail as a contract prisoner from the State. On October 3, 1981 he escaped from custody. A short time thereafter he was arrested in North Carolina on separate charges. He served a sentence in that jurisdiction which was completed by January 12, 1982. From January 12, 1982 until July 29, 1982 he was confined in North Carolina while resisting extradition to Tennessee to answer the escape charge. On March 8, 1983 he entered a plea of guilty to the charge of jail escape and received a sentence of one (1) year to run consecutively to sentences which he was serving at the time. He filed a petition for jail time credit from January 12, 1982 to July 29, 1982.

This Court has twice held in unreported cases that a defendant, under the circumstances existing in this case, was not entitled to jail time credit. We said:

".... [T]he appellant, who escaped and was captured in a foreign State and who by his own act resisted extradition, should not be given credit for the time he served pending resolution of his extradition proceedings. The thrust of T.C.A. Sec. 40–3102 (Supplement 1981), was to assure that persons unable to make bond would be given credit for the time they spent in jail prior to and after appealing their conviction....."

We are of the opinion that the amendments to T.C.A. Sec. 40–3102, now encoded as T.C.A. Sec. 40–23–101, making it mandatory to allow a defendant credit on his sentence for any period of time he was held in the County Jail or Workhouse, pending his arraignment and trial, does not change the rule pronounced in *State ex rel Crist v. Bomar*, 365 S.W.2d 295, 211 Tenn. 420 (1963). In that case the court said:

".... [T]his brings us to the correct conclusion that it is really up to the prisoner who has been convicted to bring himself within the confines of the law to get the credit for the sentence that he concedes has been rightly fixed against him, and that the prisoner cannot by his acts have this sentence to begin running before he presents himself to the officers for incarceration under the sentence. Here the petitioner by his own acts tried to prevent his return to Tennessee to begin this sentence under this judgment which is concededly valid and fought ex-

tradition to Tennessee and it was this period of time which he now claims should be credited on this sentence. Clearly petitioner's arguments and reasons are not in conformity with established jurisprudence....."

██ The judgment of the trial court is affirmed.

DUNCAN and SCOTT, JJ., concur.