IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2002

## MARSHALL MOFFETT v. TENNESSEE DEPARTMENT OF CORRECTION

Appeal from the Chancery Court for Davidson County
No. 01-805-II    Carol McCoy, Chancellor

No. M2001-03011-COA-R3-CV - Filed December 5, 2002

Petitioner filed, pro se, a "Petition for Nunc Pro Tunc" in which he asserted that he was presently confined and that the defendant added 1775 days to his sentence unlawfully. The trial court granted the defendant's Motion for Summary Judgment and we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Marshall Moffett, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

## OPINION

Marshall Moffett was originally incarcerated September 26, 1985 on a twenty year sentence for aggravated sexual battery. While serving this sentence he escaped from custody on November 25, 1989, and was not returned to custody until October 5, 1994, after having spent a total of 1775 days on escape status. The prison disciplinary board found him guilty of escape but issued only a written warning and did not order any loss of sentence reduction credits that Petitioner had earned prior to his escape. He was thereafter found guilty in Davidson County Criminal Court of escape and received a one year sentence to be served consecutively to his prior twenty year sentence. He asserts that because the prison disciplinary board did not assess the additional 1775 days spent on escape status, TDOC could not use same to extend his sentence.

In granting the motion of TDOC for summary judgment, the trial court held:

Petitioner, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), has filed an action seeking recalculation of his sentence credits. This action will be treated as a petition for declaratory judgment pursuant to the Uniform Administrative Procedures Act, T.C.A. § 4-5-101, *et seq.* As Petitioner has paid the filing fee in accordance with the Court's order of August 22, 2001, the case will be allowed to proceed.

This matter is before the Court on Respondent's Motion for Summary Judgment, Petitioner's "Motion for Judgment for Failure of Respondents' to Serve Answers to Interrogatories and Produce Documents" and Petitioner's motion to expedite the hearing of this matter. The motion to expedite is now moot and need not be addressed.

In his "Motion for Judgment for Failure of Respondents' to Serve Answers to Interrogatories and Produce Documents," Petitioner seeks a default judgment against Respondent for its failure to respond to his interrogatories. However, T.R.C.P. 55.04 provides that no judgment by default shall be issued against the state of Tennessee or one of its officers or agencies unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. As the Petitioner has not yet provided sufficient evidence to establish a right to relief in this matter, his motion for a default judgment is denied.

According to the affidavit of Faye Claud, Manager of Sentence Information Services for TDOC, Petitioner was sentenced on September 26, 1985 to twenty years imprisonment for Aggravated Sexual Battery. On November 25, 1989, Petitioner escaped from custody. He was returned to incarceration on October 5, 1994. A total of 1,775 days of dead time was applied to his sentence to account for the time not served, thereby extending all his release dates. The prison disciplinary board found Petitioner guilty of the infraction of escape and gave him a written reprimand; however, the board did not take sentence credits away from Petitioner as a result of this disciplinary action. On November 10, 1994, a Davidson County Criminal Court imposed an additional one year sentence on Petitioner for the offense of Escape, ordering that this sentence be served consecutive to his original sentence.

Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate where: (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Byrd*, 847 S.W.2d at 210-11.

Petitioner alleges that he has been wrongfully deprived of 1,775 days of sentence credits, but he does not dispute any material facts. He does not deny that he escaped from prison during the time period in question. He contends only that

-2-

TDOC was without legal authority to automatically extend his sentence by the amount of time he spent on escape, arguing that he has "personal knowledge that not all prisoners' [sic] have their sentences extended by the number of days they spend on escape or extended by any amount."

A review of Tennessee case law shows that prisoners are not entitled to credit for time spent incarcerated in other jurisdictions while they fight extradition. *State v. Silva*, 680 S.W.2d 485 (Tenn. Crim. App. 1984). Nor are prisoners entitled to credit for time spent incarcerated in another jurisdiction on unrelated charges. *Majeed v. State*, 621 S.W.2d 153 (Tenn. Crim. App. 1981). They are not entitled to garner sentence credits for the "dead time" spent while on escape. *Turnley v. Tennessee Department of Correction*, 1997 WL 638418 (Tenn. Ct. App. 1997). And by the same token, prisoners are not entitled to credit for the days actually spent at large while on escape from the prison. *Wilson v. State*, 1993 WL 134068 (Tenn. Crim. App. 1993).

Petitioner cites to TDOC policies and procedures stating that a TDOC disciplinary board must follow certain procedures if an inmate is to be punished by extending his sentence. Petitioner is under the misconception that TDOC is punishing him by adding back to his sentence time never served, i.e., the 1,775 days he was "on the street." This is not the case. TDOC is responsible for calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the department. T.C.A. § 40-28-129. In the present case, TDOC simply corrected Petitioner's sentence calculation to [sic] reflect the time he did not serve. These days were not "earned" by Petitioner and he has no entitlement to them. He is therefore not entitled to procedural protections when credit for these days is removed from his sentence calculation.

The reasoning of the trial court is correct in every respect and we hold that summary judgment was properly granted to Defendant.

The judgment of the trial court is affirmed and costs are assessed to Appellant.

                                                  _____

                                                  WILLIAM B. CAIN, JUDGE