IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 24, 2007

## STATE OF TENNESSEE v. TERESA HERMAN

**Appeal from the Criminal Court for Davidson County**
**No. 2004-B-1223   Seth Norman, Judge**

---

**No. M2006-01384-CCA-R3-CD - Filed November 5, 2007**

---

JERRY L. SMITH, Dissenting Opinion

I believe that the trial court acted well within its authority in granting Appellee credit against the full forty-eight hours of incarceration ordered as a result of her conviction first offense DUI. I would not grant the State's request to treat this appeal as a common law writ of certiorari and I would dismiss the appeal.

As noted by the majority and conceded by the State, there is no appeal provided to the State under Tennessee Rules of Appellant Procedure 3(c) governing appeals of right. However, under certain circumstances a writ of certiorari may be granted to a party where no appeal of right is authorized. The common law writ of certiorari, as codified at T.C.A. § 27-8-101, is limited in its application and may not be used to "inquire into the correctness of a judgment issued by a court with jurisdiction." *Moody v. State*, 160 S.W.3d 512, 515 (Tenn. Crim. App. 2005) (quoting *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002). A writ of certiorari is proper when a trial court is acting "without legal authority" and there is no other "plain, speedy or adequate remedy." *Id.* (quoting *Adler*, 92 S.W.3d at 401). Thus, the viability of the instant appeal resolves itself into the question of whether the trial court had the legal authority to give Appellee credit against her forty-eight hours of incarceration for time spent in inpatient evaluation for competency to stand trial.

The State argues that the trial court was without legal authority to give Appellee credit for time served because T.C.A. § 55-10-403 requires a mandatory minimum period in the workhouse or jail and does not provide for credit for time spent in a treatment facility. Appellee argues that her time was not spent in a treatment facility, as contemplated in T.C.A. § 55-10-403, but rather in a mental health facility for evaluation as ordered by the trial court under T.C.A. § 33-7-301(a). As noted by the majority, Appellee is correct that her time in a mental health facility was for evaluation of competency ordered by the trial court.

<u>Sentencing Credits for T.C.A. § 55-10-403(a)</u>

T.C.A. § 55-10-403 states in pertinent part:

> Any person or persons violating the provisions of §§ 55-10-401 – 55-10-404 shall, upon conviction thereof, for the first offense be fined not less than three hundred fifty dollars ($350) nor more than one thousand five hundred dollars ($1,500), and such person or persons *shall be confined in the county jail or workhouse* for not less than forty-eight (48) hours nor more than eleven (11) months and twenty-nine (29) days; and the court shall prohibit such convicted person from driving a vehicle in the state of Tennessee for a period of time of one (1) year.

T.C.A. §55-10-403(a)(1) (emphasis added).

This Court has previously held that a defendant who is convicted of DUI. under T.C.A. § 55-10-403(a)(1) is entitled to pretrial jail credits under T.C.A. § 40-23-101(c). *State v. Kain*, 24 S.W.3d 816, 820 (Tenn. Crim. App. 2000), *perm. app. denied*, (Tenn. 2000). In *Kain,* the State raised an argument remarkably similar to the one raised in the case at bar and it was rejected by this Court.

The trial court ordered that Appellee undergo inpatient psychiatric evaluation at the Middle Tennessee Mental Health Institute under T.C.A. § 33-7-301(a). She spent approximately three weeks at the hospital. T.C.A. § 33-7-102 provides: "Whenever a person is hospitalized or receives evaluation or treatment services under this chapter in connection with a criminal charge or conviction, wherever incarcerated, the person shall receive credit toward the satisfaction of the sentence for the time spent in custody of the commissioner." T.C.A. § 33-7-102(a).

The purposes of both the pretrial jail credit statute and the sentence credits for time spent in inpatient evaluation is obvious, it is so people with certain disabilities are not punished more severely than those who do not share those disabilities. In the case of pretrial jail credits that disability is a financial inability to make a bond. *State v. Silva*, 680 S.W.2d 485, 486 (Tenn. Crim. App. 1984); *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). In the case of persons who must be evaluated for mental competency to stand trial, the disability is the defendant's mental condition. It must be remembered that persons court ordered to undergo inpatient evaluation are not free to ignore the order; they are held by the Commissioner of Mental Health and are not free to leave the institution where the evaluation is taking place. Therefore, if not given sentencing credits against an actual incarcerative sentence, defendants who exhibit symptoms of a mental disease or defect and must be evaluated on an inpatient basis are punished more harshly than those who do not require such an evaluation.

Neither T.C.A. § 33-7-102 or T.C.A. § 55-10-403, nor any other statute prohibits sentencing credits against a sentence of incarceration for time held in a mental health facility for inpatient evaluation to determine competency to stand trial. If, as the majority concludes, such a prohibition is intended by the state legislature then that body should say so. Until it does I believe the unambiguous language of T.C.A. § 33-7-102 granted the trial judge the legal authority to rule in the manner he did. Therefore, I would deny certiorari review and dismiss the appeal.

For these reasons I dissent.

_____
JERRY L. SMITH, JUDGE