# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 17, 2014

## STATE OF TENNESSEE v. MARK EDWARD GREENE

**Appeal from the Circuit Court for Williamson County**
**No. II-CR061910     James G. Martin, III, Judge**

**No. M2013-02710-CCA-R3-CD - Filed July 16, 2014**

Appellant, Mark Edward Greene, appeals the denial of his Tennessee Rule of Criminal Procedure 36 motion to correct a clerical error. He alleges that the trial court should have granted pretrial jail credits from the time that Williamson County lodged a detainer against him until the date he was sentenced. Following our review, we affirm the circuit court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Mark Edward Greene, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Kim R. Helper, District Attorney General; and Terry E. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

On June 12, 2006, a Williamson County grand jury indicted appellant for aggravated robbery. At the time, he was serving two sentences for aggravated robbery in Davidson County. Williamson County, according to appellant, issued a detainer against him on June 30, 2006. On February 12, 2008, appellant pleaded guilty to the charged offense of aggravated robbery in Williamson County. After the subsequent sentencing hearing on April 8, 2008, the trial court awarded him one hour of pretrial jail credit and sentenced him to serve eleven years in the Tennessee Department of Correction. In July 2008, the trial court issued

an order awarding appellant pretrial jail credit from June 11, 2007, until April 8, 2008. The order indicates that appellant's counsel and the State agreed to the award; however, the basis for the award is not clear from the record because, presumably, appellant was incarcerated for the Davidson County offenses rather than the Williamson County offense during this time.

On July 30, 2013, appellant filed a pro se motion to correct a clerical error in his Williamson County judgment, alleging that he should have received 314 additional days of pretrial jail credits. In addition, he contended that he would have been granted parole in Davidson County had it not been for the detainer issued in Williamson County. The State, under the erroneous impression that appellant was seeking the application of sentence reduction credits, responded that the trial court did not have jurisdiction to consider the motion. The trial court denied appellant's motion, citing lack of jurisdiction. Appellant filed a response to the State's answer to his motion, after the trial court had already ruled on the matter, stating that he should have received 355 additional days of pretrial jail credits.

## II. Analysis

On appeal, appellant argues that the trial court had jurisdiction to consider his motion and that he should have received 355 additional days of pretrial jail credits. He also mentions that he would have received parole in Davidson County but for the Williamson County detainer. The State responds that the trial court's order from July 2008 determined the issue. Following our review of the record and the applicable law, we have determined that appellant's motion should be construed as a Rule 36.1 motion to correct an illegal sentence, but because he did not state a colorable claim for relief, remand to the trial court for reconsideration under Rule 36.1 is not necessary.

Because the trial court dismissed appellant's motion based on lack of jurisdiction, we must first address whether the failure to award pretrial jail credits is a matter properly addressed to the criminal courts of this state and ultimately this court. "[C]laims 'relative to the calculation of sentencing credits and parole dates' must be reviewed pursuant to the Uniform Administrative Procedures Act." *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) (quoting *Mark Grimes v. Tony Parker, Warden*, No. W2007-00169-CCA-R3-HC, 2008 WL 141129, at *3 (Tenn. Crim. App. Jan. 14, 2008)). However, this statement is inapplicable to a review of the award of or failure to award pretrial jail credits. *Id.* In discussing this issue, we have held:

> Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and post-judgment jail credits, which can be awarded only by the trial court. As

a result, some of the opinions of this court erroneously hold that a petitioner may only challenge the trial court's failure to award pretrial jail credits via the Uniform Administrative Procedures Act.

*Id.* Because the award of pretrial jail credits lies strictly within the jurisdiction of the trial court rather than the Department of Correction, "any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile." *Id.* Moreover, "'the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The [Department of Correction] is powerless to change what the trial court awarded or failed to award.'" *Id.* (quoting *State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J., concurring)). Therefore, appellant's claim that he is entitled to relief because the trial court failed to award pretrial jail credit that he allegedly earned pursuant to Tennessee Code Annotated section 40-23-101(c) was within the jurisdiction of the trial court.

However, the failure to award pretrial jail credits is not merely a clerical error within the ambit of Tennessee Rule of Criminal Procedure 36, but rather an illegal sentence. *See George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *5 (Tenn. Crim. App. Dec. 19, 2013). Tennessee Code Annotated section 40-23-101(c) provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

"'The language [of Code section 40-23-101(c)] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary.'" *Tucker*, 335 S.W.3d at 123 (quoting *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965)). Thus, pursuant to the statute, a pretrial detainee has "'*an absolute right* to credit for time in jail'" spent in pretrial incarceration arising out of the original offense for which he was convicted. *Id.* (quoting *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975)). However, "'[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right.'" *Id.* (quoting *Trigg*, 523 S.W.2d

at 376). "Thus, the trial court is statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions." *Id.* Because of this statutory requirement, the failure to award earned pretrial jail credits results in an illegal sentence.

Claims of illegal sentences cannot be challenged through Rule 36 motions to correct clerical errors but must be challenged through either Rule 36.1 of the Tennessee Rules of Criminal Procedure or habeas corpus proceedings. *See George William Brady*, 2013 WL 6729908, at *5 (citations omitted). Rule 36.1 became effective approximately one month before appellant filed his motion to correct clerical error in this case, and he does not mention the rule in his appellate briefs. However, due to the nature of his claim, we have chosen to construe his original motion as a Rule 36.1 motion to correct an illegal sentence. *See State v. Shelton Hall*, No. M2012-01622-CCA-R3CD, 2013 WL 1200266, *4 (Tenn. Crim. App. Mar. 26, 2013) ("This court has long recognized that pro se appellants are not held to the same strict drafting standards as attorneys and that pro se pleadings should be more liberally construed.").

Under Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. March 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim from Tennessee Supreme Court Rule 28 § 2(H), which was written in the context of post-conviction proceedings: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ."

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has not presented a colorable claim for relief from an illegal sentence because appellant's pretrial incarceration did not "arise[] out of" the Williamson County offense for which he was eventually convicted. *See* Tenn. Code Ann. § 40-23-101(c). "[T]his Court has repeatedly held that Tennessee Code Annotated section 40-23-101(c) only provides for credit against a sentence if the reason for the incarceration arises from the offense for which the sentence was imposed." *State v. William Shane Bright*, No. E2006-01906-CCA-R3-CD, 2007 WL 1259176, at *4 (Tenn. Crim. App. Apr. 30, 2007) (citing *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983); *Majeed v. State*, 621 S.W.2d 153, 155 (Tenn. Crim. App. 1981); *Trigg*, 523 S.W.2d at 376). In addition, the "primary purpose" of pretrial jail credits is fairness to indigent defendants unable to post bond, so if a defendant is incarcerated on other charges, the purpose for granting pretrial jail credits is not served. *Id.* (citing *State v. Watkins*, 972 S.W.2d 703, 705

(Tenn. Crim. App. 1998); *State v. Silva*, 680 S.W.2d 485, 486 (Tenn. Crim. App. 1984); *Abernathy*, 649 S.W.2d 285, 286)).

Here, appellant was incarcerated for the Davidson County sentences, not pending arraignment and trial for his Williamson County offense. Furthermore, the primary purpose for granting pretrial jail credits does not apply to appellant because even if he had been able to post bond for the Williamson County offense, he would not have been released because he was incarcerated for the Davidson County sentences. *See id.* Moreover, with regard to appellant's assertion that he would have received parole in Davidson County but for the Williamson County detainer, "we are not in a position to speculate what the Board's determination at [appellant's parole] hearing would have been." *Id.* "Therefore, we conclude that [appellant's] continued confinement due to his subsequent charges was not the direct result of these additional charges so as to bring the [appellant] within the ambit of T[ennessee] C[ode] A[nnotated] [section] 40-23-101(c)." *Id.* Thus, because appellant's argument, even viewed in the light most favorable to him, is without merit, we conclude that he has not presented a colorable claim under Rule 36.1. Therefore, it is not necessary for this court to remand this matter to the trial court for reconsideration of appellant's motion under Rule 36.1.

## CONCLUSION

Based on the record, the briefs of the parties, and the applicable law, we affirm the trial court's denial of appellant's motion.

_____
ROGER A. PAGE, JUDGE