FILED

02/05/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2018 Session

## STEVEN ANDERSON v. RUSSELL WASHBURN, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4687     John D. Wootten, Jr., Judge**

_____

### No. M2018-00661-CCA-R3-HC
_____

The petitioner, Steven Anderson, appeals from the denial of his petition for writ of habeas corpus, which petition challenged his 1994 convictions of aggravated robbery, especially aggravated robbery, and second degree murder.  Because the petitioner has stated entitlement to habeas corpus relief in the form of the application of pretrial jail credit, we reverse and vacate the order of the habeas corpus court summarily dismissing the petition.  The cause is remanded to the habeas corpus court so that that court may transfer the case to the trial court for the entry of an amended judgment reflecting the appropriate award of pretrial jail credit.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Vacated;**
**Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., J., concurred in results only.  JOHN EVERETT WILLIAMS, P.J., filed a separate dissenting opinion.

Steven Anderson, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Steven Anderson, appeals the Trousdale County Circuit Court's denial of his petition for writ of habeas corpus.  In 1994, the petitioner pleaded guilty to one count of aggravated robbery, one count of especially aggravated robbery, and one count of second degree murder.  The trial court imposed an effective sentence of 50 years' incarceration.

In this present petition for habeas corpus relief, the petitioner challenges the validity of his judgment, asserting that the trial court failed to award him 13 days credit for a certain period of pretrial detention. The habeas corpus court denied the petition on the ground that "these allegations lack merit and have been previously determined." This timely appeal followed.

In this appeal, the petitioner again claims entitlement to habeas corpus relief on grounds that the trial court failed to award him pretrial jail credit as mandated by Code section 40-23-101. The State asserts that summary dismissal was proper both because the petitioner's claim has been previously determined and because a claim regarding the failure to award pretrial jail credit is not a cognizable claim for habeas corpus relief.

*I.  Prior Rulings of This Court*

The petitioner has filed at least three prior, unsuccessful petitions for habeas corpus relief. His first petition did not raise the issue of pretrial jail credit. *See Steven L. Anderson v. Glen Turner, Warden*, No. W2004-00622-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, Feb. 18, 2005) (Memorandum Opinion) (*Anderson I*).

In his second petition, the petitioner raised the issue of pretrial jail credit, but this court affirmed the denial of the petition, concluding that the petitioner's "claim that the trial court improperly calculated the pre-trial jail credits to reflect his time spent in the juvenile court detention center, even if proven, would render the judgments voidable rather than void, and is, therefore, not a claim that is cognizable in a habeas corpus proceeding" and that "[t]o the extent . . . that Petitioner was denied a portion of his pre-trial jail credit by mistake of calculation or by oversight, the proper avenue for relief regarding the application of pretrial jail credit is through the Uniform Administrative Procedures Act." *Steven Lamont Anderson v. State*, No. W2006-00866-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Jackson, Mar. 2, 2009) (*Anderson II*). Both of these determinations were undercut by the filing of the opinion in *Tucker v. Morrow*, 335 S.W.3d 116 (Tenn. Crim. App. 2009), *criticized by State v. Brown*, 479 S.W.3d 200, 212 (Tenn. 2015), a binding published case, on December 1, 2009. Additionally, this court had recognized, even prior to the filing of *Tucker*, that only the trial court had the power to award pretrial jail credit and that the Department of Correction "is powerless to change what the trial court awarded or failed to award." *State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, Feb. 18, 2004) (Tipton, J., concurring); *see also, e.g., Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965) (emphasizing that the statute mandates that the trial court award pretrial jail credit at the time of sentencing); *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975) (same). Moreover, both this court and our supreme court have repeatedly held that the

Department of Correction "does not have the authority to 'correct' what it perceives to be errors, clerical or otherwise, in judgment orders." *See Cantrell v. Easterling*, 346 S.W.3d 445, 457 (Tenn. 2011); *see also State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978) ("The Department of Correction may not alter the judgment of a court, even if that judgment is illegal."); *Mark Grimes v. Tony Parker, Warden*, No. W2007-00169-CCA-R3-HC (Tenn. Crim. App., Jackson, Jan. 14, 2008). The supreme court recently reiterated that the duty to award pretrial jail credit resides in the trial court alone. *State v. Brown*, 479 S.W.3d at 212. Thus, contrary to the ruling in *Anderson II*, any attempt to correct the failure to award pretrial jail credit via administrative procedures would have been futile.

In affirming the denial of the petitioner's third habeas corpus petition, this court held that the issue of pretrial jail credit had been "previously determined adversely to" the petitioner, and refused to address the issue at all. *Steven Anderson v. State*, No. W2013-00975-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, Mar. 31, 2014) (Memorandum Opinion) (*Anderson III*). The court cited to *Anderson II* and also to *Anderson I* which did not address a pretrial jail credit issue. *Anderson III* was filed on March 31, 2014, after the filing of the opinion in *Tucker* but before the filing of the opinion in *Brown* on December 2, 2015. Thus, to the extent that in *Anderson III* we applied the substantive holding in *Anderson II*, that application ran afoul of the binding, published opinion in *Tucker*.

The habeas court concluded, and the State contends on appeal, that these prior rulings bar the claim raised by the petitioner in the instant petition because those claims were previously considered and rejected by this court. Although couched in terms of "previous determination," the concept at issue is actually that of issue preclusion or collateral estoppel.[1]

"In criminal prosecutions, as in civil litigation, the issue-preclusion principle means that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 356 (2016) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)); *see also Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987) ("Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit."). In criminal cases, issue preclusion has typically been viewed as a "component of the Double Jeopardy Clause" that "bars relitigation of an issue of fact or law raised and necessarily resolved by a prior

---

[1] The phrase "previously determined" is most commonly used in the context of a petition for post-conviction relief. *See* T.C.A. § 40-30-106(h).

judgment." *Bravo-Fernandez*, 137 S. Ct. at 356, 358 (citing RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 27, at 148, 250 (AM. LAW INST. 1980); 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4416, at 386 (2d ed. 2002)); *see also Ashe*, 397 U.S. at 443.

We note that although no court has resolved the question whether the petitioner is entitled to the 13 days' jail credit as he claims, the ruling in *Anderson II* arguably resolved the question whether the petitioner was entitled to seek his jail credit via a petition for writ of habeas corpus. The determination of the availability of habeas corpus relief is a question of law, and the Supreme Court has instructed that questions of law are subject to the bar of collateral estoppel. *Bravo-Fernandez*, 137 S. Ct. at 358. That being said, many courts have concluded that the collateral estoppel doctrine is subject to what is, essentially, a manifest injustice exception. *See, e.g.*, *State v. McBride*, 848 So. 2d 287, 291-92 (Fla. 2003); *see also, e.g.*, *Comm'r v. Sunnen*, 333 U.S. 591, 599 (1948). Indeed, as our court of appeals has recognized, "the doctrine of former adjudication is not to be 'rigidly applied,' but should be 'qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice.'" *In re Bridgestone/Firestone*, 286 S.W.3d 898, 905 (Tenn. Ct. App. 2008) (*Firestone I*) (quoting *Marlene Indus. Corp. v. N.L.R.B.*, 712 F.2d 1011, 1017 (6th Cir. 1983)). Additionally, "even where the core requirements of issue preclusion are met, an exception to the general rule may apply when a 'change in [the] applicable legal context' intervenes." *Bobby v. Bies*, 556 U.S. 825, 834 (2009) (alteration in original) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 28 (AM. LAW. INST. 1980)); *see also Montana v. United States*, 440 U.S. 147, 157 (1979) (stating that collateral estoppel will not bar a relitigation of issues when there have been "significant changes in controlling facts or legal principles" since the prior ruling). As our court of appeals has recognized, collateral estoppel does not bar "relitigation of the issue in a subsequent action between the parties" when "[t]he issue is one of law and . . . a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws." *In re Bridgestone/Firestone*, 495 S.W.3d 257, 270 (Tenn. Ct. App. 2015) (*Firestone II*) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 28 (AM. LAW. INST. 1982)).

As indicated, the rulings issued in *Anderson II* and relied on in *Anderson III* were contrary to the applicable law at the time. Thus, to rely on these previous determinations to operate as a procedural bar where no court of competent jurisdiction has actually considered the merit of the petitioner's underlying claim for 13 days' pretrial jail credit could result in a manifest injustice to the pro se petitioner. In addition, our supreme court's opinion in *Brown* has muddied the waters with regard to the question whether a claim that the trial court failed to award pretrial jail credit is cognizable in a habeas corpus proceeding, resulting in "an intervening change in the applicable legal

context." *Id.*; *Firestone I*, 286 S.W.3d at 905-06 ("Courts in Tennessee and elsewhere have stated repeatedly that former adjudication should not be applied if 'controlling facts or legal principles have changed significantly. . . .'" (quoting *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987))). For these reasons, we choose not to yield to our previous rulings in *Anderson II* and *Anderson III* but to consider these issues anew. We begin our analysis with the determination whether the trial court's failure to award pretrial jail credit is a cognizable claim for habeas corpus relief.

## II. Pretrial Jail Credit as Grounds for Habeas Corpus Relief

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Faulkner*, 226 S.W.3d at 361 (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in [specified] cases . . . , may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Relevant to this case, the Code states that "[t]he trial court shall . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in . . . juvenile court detention . . . pending arraignment and trial." T.C.A. § 40-23-101(c).

The statute is designed to address the disparity that exists between those who can afford to make bond prior to trial and those who cannot. *State v. Watkins*, 972

S.W.2d 703, 705 (Tenn. Crim. App. 1998) ("The purpose of the pretrial jail credit statute is to treat those unable to make bail in much the same manner as those that are."); *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983) ("The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond."). "The legislature in its wisdom recognized an injustice between the person of means who could make bond and the person who could not and had to languish in jail." *Abernathy*, 649 S.W.2d at 286; *see also Trigg*, 523 S.W.2d at 376 ("[The statute] obviously was passed to prevent invidious discrimination between persons of means and those of none."); *State v. Teresa Herman*, No. M2006-01384-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Nashville, Nov. 5, 2007) (Smith, J., dissenting) (stating that the purpose of the pretrial jail credit statute is to ensure that those who lack the ability to make bond "are not punished more severely than those" who can afford to do so); *see also, e.g.*, *Eddie Copeland v. James A. Bowlen, Warden*, No. E1999-01753-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Knoxville, Sept. 11, 2000) ("Pre-trial credits address discrepancy between a person of means, who can make bond while awaiting trial, and an indigent, who is unable, for economic reasons, to regain at least temporary freedom and thus is guaranteed credits for this time in jail."). Essentially, then, when the trial court fails to properly award pretrial jail credit, the result is that the poor defendant receives a more severe punishment than his more affluent counterpart solely because of his poverty. *Cf. State v. Michael Wilson, Sean Kevin Wilson, and Kenneth Quilter, Jr.*, No. 01C01-9602-CC-00073, 1997 WL 438175, at *13 (Tenn. Crim. App., Nashville, July 31, 1997) (observing that by "express[ing] his intention to confine Quilter for a year . . . while at the same time disallowing credit for 307 days already served," "the trial court effectively established a confinement period of approximately twenty-two months *as a part of a split confinement plan*").

Our supreme court has observed that the language of the statute "leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary." *Stubbs*, 393 S.W.2d at 154; *see also Brown*, 479 S.W.3d at 212 (stating that the "statute requires trial courts to award pretrial jail credits"). By its mandatory language, the statute provides a detainee with "an absolute right to credit" for "the time spent in jail or prison" that "'arises out of' the offense for which the sentence against which the credit is claimed." *Trigg*, 523 S.W.2d at 375-76.

In *Tucker*, this court determined that a claim that the trial court failed to award pretrial jail credit was a cognizable claim for habeas corpus relief because "[t]he failure of the trial court to credit the petitioner with the credits mandated under Code section 40-23-101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence, an historically cognizable claim for habeas corpus relief." *Tucker*, 335 S.W.3d at 123. Following this ruling, in 2013, Tennessee Rule of Criminal

-6-

Procedure 36.1 was adopted "with its express purpose 'to provide a mechanism for the defendant or the State to seek to correct an illegal sentence.'" *Brown*, 479 S.W.3d at 208-209 (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Comment). Following the adoption of Rule 36.1, our supreme court determined that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and actually mirrors, the definition this Court has applied to the term for purposes of habeas corpus proceedings." *State v. Wooden*, 478 S.W.3d 585, 587 (Tenn. 2015).

In *Brown*, the supreme court addressed the question whether an illegal sentence could be challenged under Rule 36.1 after the sentence had expired. The court, observing that Rule 36.1 differs from habeas corpus in respect to who may bring the motion and the venue in which the petition must be filed but that "[d]espite these differences, Rule 36.1 is identical to habeas corpus in other respects," held that Rule 36.1 could not be used to challenge an illegal but expired sentence. *Brown*, 479 S.W.3d at 209. Despite noting that this conclusion was "dispositive of Mr. Brown's Rule 36.1 motion," the court also addressed "two other issues in order to provide guidance to litigants, lawyers, and judges, and to afford Mr. Brown the relief on the law and the facts to which he is entitled." *Id.* at 212. One of those two issues was the question whether the failure to award pretrial jail credit was a cognizable claim for relief *in a Rule 36.1 proceeding*.

The supreme court agreed "that a statute requires trial courts to award pretrial jail credits," but it nevertheless concluded that this court erred by holding in *Tucker* "that a trial court's erroneous failure to comply with this statute renders *the sentence* illegal." *Id.* The court reasoned that "[a]lthough pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." *Id.* The court concluded that "a trial court's failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief *under Rule 36.1*." *Id.* at 213 (emphasis added).

Although the issue in *Brown* dealt specifically with a Rule 36.1 motion, this court has said, albeit often in dicta, that the reasoning in *Brown* applies likewise to a petition for writ of habeas corpus. *See, e.g.*, *Christopher Alan Walls v. Grady Perry, Warden*, No. W2017-00296-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Jackson, Jan. 17, 2018) (citing *Anzar McFarland v. State*, No. E2017-00212-CCA-R3-HC, slip op at 3 (Tenn. Crim. App., Knoxville, Aug. 28, 2017)); *see also, e.g.*, *Juan A. Hill v. Randy Lee, Warden*, No. E2018-00749-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Knoxville, July 18, 2018); *Brandon Washington v. State*, No. W2016-01965-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Jackson, Jan. 10, 2018); *Adrian Delk v. Grady Perry, Warden*, No.

W2016-01394-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Jackson, Nov. 30, 2017); *David Reed v. State*, No. W2015-01441-CCA-R3-HC, slip op. at 6 (Tenn. Crim. App., Jackson, July 22, 2016); *Cory O'Brien Johnson, alias Deshun Marshay Gibbs v. State*, No. W2016-00087-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Jackson, May 3, 2016), *perm. app. denied* (Tenn. Dec. 15, 2016); *Mario Hawkins v. Michael Parris, Warden*, No. W2015-00775-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, Jan. 12, 2016); *cf. Kenneth Thompson Anderson v. State*, No. M2014-01812-CCA-R3-HC, slip op. at 6 (Tenn. Crim. App., Nashville, Feb. 5, 2016) (applying *Brown* to conclude that habeas corpus relief is unavailable when a petitioner was denied post-judgment jail credit). *But cf. Carl Jones, Jr. v. Doug Cook*, No. E2015-01371-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Knoxville, May 4, 2016) (holding that a trial court's failure to award credit for time served on community corrections renders the sentence illegal and "is a cognizable claim in a habeas corpus proceeding").

At this juncture, it should be pointed out, although somewhat belatedly, that *Brown* does not compel a conclusion that habeas corpus does not embrace the failure to award pretrial jail credit. First, as indicated above, the core holding of *Brown* is that Rule 36.1 is not available when "the alleged illegal sentence has expired." *Brown*, 479 S.W.3d at 211. Thus, the court's conclusion that the failure to award pretrial jail credit does not render the sentence illegal is dicta, although the court expressed its hope that its conclusion in this regard would "provide guidance to litigants, lawyers, and judges." *Id.* at 212.

Second, even if the conclusion that pretrial jail credit does not import a sentencing issue were not dicta, nothing in *Brown* compels a conclusion that pretrial jail credit is not cognizable in habeas corpus. *Brown* does not alter existing caselaw that viewed the award of pretrial jail credit as a statutorily-imposed, mandatory duty of the trial court, a legal predicate which traditionally lies within the general ambit of habeas corpus. *See, e.g.*, *State v. Samuel L. Giddens*, No. M2014-01505-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Nashville, Feb. 20, 2015); *Michael W. Belcher v. Daniel Sexton, Warden*, No. E2013-01325-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Knoxville, Mar. 6, 2014); *Ashad Ra Muhammed Ali v. State*, No. W2012-02194-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Jackson, July 16, 2013). Rather, *Brown* puts pretrial jail credit beyond the pale of Rule 36.1 because it is deemed not to be a *sentencing* issue. The court said that the mandatory award of pretrial jail credit – or more importantly, the denial of same – "does not alter the *sentence* in any way." *Id*. Accordingly, the court said, "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Id.* at 213.

-8-

Importantly, nothing in *Brown* says that an erroneous denial of pretrial jail credit would *not be* cognizable in habeas corpus. To be sure, *Brown* says that "Rule 36.1 is identical to habeas corpus" in non-procedural aspects; however, it does not say that habeas corpus equates in scope to Rule 36.1. *Brown* essentially says that the two methods for relief are identical only when a *sentencing* irregularity is the issue. By putting pretrial jail credit issues beyond the rubric of sentencing, however, these issues lurk outside *Brown's* equation between Rule 36.1 and habeas corpus. Rule 36.1 by definition addresses only illegal sentences. The writ of habeas corpus is not so limited, and, instead, embraces any issue in which the claimed error renders the *judgment* illegal and void. *See, e.g.*, *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) ("The determinative issue, then, in every habeas corpus proceeding is whether *the challenged judgment* is void.") (emphasis added). A judgment is broader than a sentence. *See Cantrell*, 346 S.W.3d at 456 ("[A] judgment in a criminal case includes *both* a conviction *and* a sentence. This Court has previously recognized that the adjudication of guilt—that is, the conviction—and the sentence are distinct and severable components of the judgment."). Thus, although *Brown* excludes pretrial jail credit cases from the caselaw governing illegal sentence claims, it does not foreclose the issue from the play of the broader habeas corpus rules.

Although the majority of cases discussing the availability of habeas corpus relief have, in recent years, focused on varying forms of illegal sentence claims, issues other than the imposition of an illegal sentence may invalidate a judgment and result in habeas corpus relief.[2]

> A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, *which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given*.

*New York Cas. Co. v. Lawson*, 24 S.W.2d 881, 883 (Tenn. 1930) (emphasis added) (citing *Chickamauga Trust Co. v. Lonas*, 201 S.W. 777 (Tenn. 1918)); *Vanvabry v. Staton*, 12 S.W. 786 (Tenn. 1890); *Holmes v. Eason*, 76 Tenn. (8 Lea) 755 (1882); *Finley v. Gaut*, 67 Tenn. (8 Baxt.) 149 (1874)). "When the judgment is void, the remedy under it is by habeas corpus." *Lynch v. State ex rel. Killebrew*, 166 S.W.2d 397, 398 (Tenn. 1942). An absence of territorial "jurisdiction is cognizable in a habeas corpus

---

[2]     Indeed, it was not until 2005 that our supreme court "clarif[ied] that the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus." *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005).

proceeding, and . . . if the court of conviction was actually without territorial jurisdiction, then the . . . conviction is void." *State v. Ritchie*, 20 S.W.3d 624, 631 (Tenn. 2000). "[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Conviction of an offense not charged in the indictment is a cognizable claim for habeas corpus relief when the defendant did not consent to an amendment of the indictment. *See Demonbreun v. Bell*, 226 S.W.3d 321, 324 (Tenn. 2007). In *Hickman v. State*, the court agreed that a conviction record that affirmatively showed the defendant was denied counsel would support habeas corpus relief. *See Hickman v. State*, 153 S.W.3d 16, 25 (Tenn. 2004).

Because this court has previously treated the failure to award pretrial jail credit as an illegal sentence claim, the question whether a pretrial jail credit deficiency amounts to a deprivation of the trial court's jurisdiction has yet to be determined. The notion that a trial court's violation of a clear statutory mandate deprives the court of jurisdiction to enter a judgment has emanated largely from "sentencing" cases. So, although it is clear that the award of pretrial jail credit is a mandatory duty that lies solely within the purview of the trial court and that habeas corpus is not limited to an attack on an illegal sentence, it remains unclear whether a violation of the statute mandating the award of pretrial jail credit would implicate the general rule of habeas corpus that a lack of jurisdiction invalidates a judgment.

As our supreme court has observed, "When an illegality exists within the judgment itself, some procedural recourse should be available." *May v. Carlton*, 245 S.W.3d 340, 348 (Tenn. 2008). In *Brown*, our supreme court suggested that, as was the case in *Stubbs*, a claim regarding deprivation of pretrial jail credit could be raised on direct appeal. *See Brown*, 479 S.W.3d at 213. We point out, however, that *Brown's* conclusion that the award of pretrial jail credit was not a sentencing issue likely shields the issue from appellate review for guilty-pleading defendants. Tennessee Rule of Appellate Procedure 3(b) provides an appeal as of right for guilty-pleading defendants only when (1) "the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure," (2) "the defendant seeks review of the sentence and there was no plea agreement concerning the sentence," or (3) "the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had." Tenn. R. App. P. 3(b); *see also Cantrell*, 346 S.W.3d at 449 (stating that the category of "'appealable errors,' consists of those errors for which the Sentencing Act specifically provides a right of direct appeal"); *State v. Yoreck*, 133 S.W.3d 606, 610 (Tenn. 2004) ("A defendant who

has pleaded guilty may only present certain issues on direct appeal because he has a limited 'appeal as of right' to the Court of Criminal Appeals."); *see also* Tenn. R. Crim. P. 37(b)[3]. Thus, the petitioner in the present case had no direct appeal avenue to challenge the denial of pretrial jail credit. A petitioner might proceed via Tennessee Rule of Criminal Procedure 36 if he could show from the face of the record that the trial court had awarded the pretrial jail credit but that the judgment document failed to properly reflect the trial court's order. *See Christopher Alan Walls*, slip op. at 6-7.[4] The issue

---

[3]      Rule 37(b) provides:

> The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:
>
>          . . . .
>
> (2) on a plea of guilty or nolo contendere, if:
>
> (A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved–with the consent of the state and of the court–the right to appeal a certified question of law that is dispositive of the case . . . .
>
>          . . . .
>
> (B) the defendant seeks review of the sentence and there was no plea agreement under Rule 11(c); or
>
> (C) the errors complained of were not waived as a matter of law by the guilty or nolo contendere plea, or otherwise waived, and if such errors are apparent from the record of the earlier proceedings; or
>
> (D) if there is no plea agreement pursuant to Rule 37(b)(2)(A), the defendant—with the consent of the court—explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and the requirements of Rule 37(b)(2)(A)(i)-(ii) are otherwise met[.]

Tenn. R. Crim. P. 37(b)

[4]      *Christopher Alan Walls* cites *State v. Anthony L. Moore* for the proposition that "[w]hen a defendant no longer has a direct appeal from the conviction, the appropriate procedure for a defendant to address the failure to award pretrial jail credit is a Tennessee Rule of Criminal Procedure 36 motion." *Christopher Alan Walls*, slip op. at 7 (citing Tenn. R. Crim. P. 36; *State v. Anthony L. Moore*, No. W2016-02601-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Jackson, Sept. 13, 2017)). Nothing in *Anthony L. Moore* suggests, however, that Rule 36 is the exclusive method for addressing the failure to award pretrial jail credit. At issue in *Anthony L. Moore* was Moore's claim, made initially via a Rule 36

-11-

could not be presented in a petition for post-conviction relief because it does not implicate the petitioner's constitutional rights. T.C.A. § 40-30-103 ("Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."). In such a situation, as in the case now before us, habeas corpus appears to be the only avenue for seeking relief from the departure from a clear statutory mandate. *Cf. May*, 245 S.W.3d at 348 ("Here, the judgment of conviction included an illegality. Under similar circumstances, we have held that habeas corpus is the proper procedure for challenging an illegality in the judgment document.").

These observations, however, relate only to the "lack of jurisdiction" rubric of habeas corpus. As noted above, habeas corpus relief is also available when the sentence under which a petitioner is held has expired. A flat rule that habeas corpus could never be used to address a denial of pretrial jail credit would defeat a petition filed by an incarcerated petitioner whose sentence would have expired had the pretrial jail credit been properly awarded.

For these reasons, we conclude that a properly-filed petition for writ of habeas corpus remains a viable avenue for relief on a claim that the trial court failed to award pretrial jail credit as mandated by Code section 40-23-101 so long as the petitioner makes the required showing from the face of the record.

### III. The Petitioner's Showing of Entitlement to Relief

To establish the substance of his claim and bring the claim within the ambit of habeas corpus review, the petitioner must show (1) that he was incarcerated "pending arraignment and trial" on the offense or offenses that led to the challenged convictions or "subsequent to" the challenged conviction or convictions and (2) that the trial court failed to award credit for the incarceration on the challenged judgment. *See* T.C.A. § 40-23-101(c).

In the present case, the record reflects that the petitioner was ordered detained in the Court's Detention Center of the Juvenile Court of Memphis and Shelby County on December 10, 1992 on the charge of first degree murder. On December 23, 1992, the petitioner was transferred to the Shelby County Sheriff's Office to be prosecuted as an adult on the charges of first degree murder, especially aggravated robbery, and aggravated robbery. The petitioner entered into a plea agreement and

---

motion, that the judgments for both of his convictions should have reflected the award of pretrial jail credit. *Anthony L. Moore*, slip op. at 2. Moore's claim failed because his sentences were consecutively aligned. *Id.*, slip op. at 3.

pleaded guilty to aggravated robbery, especially aggravated robbery, and second degree murder and received an effective sentence of 50 years' incarceration. On the face of the petitioner's judgment forms, the trial court awarded 394 days of pretrial jail credit for the dates of December 23, 1992 to January, 20, 1994. There is no indication on the judgment forms that the petitioner was credited for the 13 days he was detained in the Juvenile Court Detention Center from December 10, 1992, to December 22, 1992.[5]

The record shows, therefore, that the petitioner has demonstrated his claim to relief for 13 days' pretrial jail credit, a claim cognizable in this habeas corpus proceeding. *See* T.C.A. § 40-23-101(c) (providing that "[t]he trial court shall . . . render the judgment so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction . . . pending arraignment and trial").

*IV.  Conclusion*

We reverse and vacate the order of the habeas corpus court. We remand the case to that court so that that court can transfer the case to the trial court for the entry of amended judgments to reflect pretrial jail credit for the time between December 10 and December 23, 1992.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[5] Unlike the petitioner in *Christopher Alan Walls*, the petitioner here has not attached a transcript of any proceeding indicating that the trial court ordered that he be awarded pretrial jail credit for the time he spent in juvenile detention but that the judgments failed to reflect this order. *See Christopher Alan Walls*, slip op. at 4 ("[T]his is not a case where the trial court simply failed to award pretrial jail credit; rather it is a case where the trial court ordered pretrial jail credit but the credit does not appear in the judgments.").