**STATE of Tennessee, Appellee,**

v.

**Richard Duane ABERNATHY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 28, 1983.

Permission to Appeal Denied by Supreme Court May 2, 1983.

Richard P. Baltz, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Ronald Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This is an appeal from the dismissal of an amended *pro se* petition for writ of habeas corpus. The trial court appointed counsel to represent appellant after his original *pro se* petition had been filed.

The appellant was convicted of armed robbery in this State on or about February 11, 1975. The State argues that a routine bed check at the facility where appellant

was incarcerated revealed his absence on or about July 31, 1977. The appellant argues that he was mistakenly released from custody by the authorities.

The appellant was apprehended in the State of California where he was convicted and confined in July of 1978 on a charge of receiving stolen property.

The appellant asked under the Interstate Compact on Detainer Act, T.C.A. § 40–31–101 (1982) (formerly T.C.A. § 40–3901), for his return to Tennessee for trial on the escape charge then pending against him. Tennessee allowed the escape charge to be dropped because of the expense of returning appellant, trying him, and returning him to California when there were only sixty days left on appellant's California sentence.

The State of Tennessee did, however, leave its detainer against appellant for return to this State to finish his unexpired robbery sentence.

 The appellant resisted extradition. His California sentence expired on or about September 26, 1979, but he was not returned to Tennessee until July 15, 1980. It is this period which he seeks to have credited to his original sentence. The trial court denied that credit to the appellant in dismissing his petition. We agree with the trial court. We cannot agree with the appellant's theory that since Tennessee chose not to try him on the escape charge under the Interstate Compact and dropped the escape warrant, the State is therefore somehow prohibited from subsequently penalizing him for that escape by not giving him jail time credit for incarceration pending extradition.

 The petitioner argues that T.C.A. § 40–23–101(b) (1982) (formerly T.C.A. § 40–3102) authorizes credit for this time for it was served subsequently to his original offense of robbery. However, it was not time served arising out of or in relation to his robbery conviction. The statute was never intended to give jail time credit under these circumstances. The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond. The legislature in its wisdom recognized an injustice between the person of means who could make bond and the person who could not and had to languish in jail. In conclusion, the appellant was not penalized by the State for escaping. He, simply put, is not entitled under the statute to the jail time credit he seeks on his original conviction for robbery.

Finally, his loss of good and honor time and incentive time is a matter to be addressed to the Department of Corrections, *State v. Gore,* 180 Tenn. 333, 175 S.W.2d 317 (1943), and is more appropriately reached with proper process served on the officials of that department. See *State v. Ricky D. Nelson,* an unpublished opinion of this Court, released at Nashville on March 17, 1982.

The judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.