IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1999

FILED

March 23, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9804-CC-00165** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **HUMPHREYS COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ALLEN W. WALLACE** |
| **TIMOTHY S. BRADLEY,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Aggravated Burglary)** |

FOR THE APPELLANT:

WILLIAM B. LOCKERT, III
District Public Defender

WADE BOBO
Assistant Public Defender
P. O. Box 464
Ashland City, TN 37015

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

DAN ALSOBROOKS
District Attorney General

GEORGE SEXTON
Assistant District Attorney
2nd Floor, Humphreys Co. Courthouse
Waverly, TN 37185

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On June 19, 1997, Appellant Timothy S. Bradley pled guilty to an aggravated burglary that occurred at a residence in Humphreys County. After a sentencing hearing held that same day, the trial court sentenced Appellant as a Range I standard offender to a term of four years to be served in the Community Corrections Program. After a revocation hearing on February 25, 1998, the trial court found that Appellant had violated the conditions of his Community Corrections sentence. On March 2, 1998, the trial court ordered Appellant to serve his original four year sentence in the Tennessee Department of Correction, less credit for the time served in the Community Corrections Program and for time served in jail for the violation. Appellant challenges the trial court's order, raising the following issue: whether he is entitled to pre-trial jail credit for the Humphreys County sentence in this case for time that he spent in the Dickson County Jail for another case. After a review of the record, we affirm the judgment of the trial court.

## FACTS

Although the exact date is not in the record, it appears that at some time during November or December of 1996, Appellant was arrested and placed in the Dickson County Jail for a burglary and theft that occurred at a residence in Dickson County. On December 2, 1996, Appellant was charged in this case with an aggravated burglary and a theft that occurred at a residence in Humphreys County. Appellant then spent approximately seven months in the Dickson County

Jail before he pled guilty to the aggravated burglary in Humphreys County on June 19, 1997. Although the record is not entirely clear, Appellant apparently pled guilty to the Dickson County charges on July 18, 1997. In both this case and the Dickson County case, Appellant was ordered to serve his sentences in the Community Corrections Program, with all sentences to run concurrently.

## ANALYSIS

Appellant contends that the trial court erred when it failed to give him credit on his Humphreys County sentence for the time he spent in the Dickson County Jail. As support for this contention, Appellant relies on Tennessee Code Annotated section 40-23-101, which states in relevant part:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c) (1997). We conclude that this statute has no application to this case.

Initially, we note that the primary purpose of awarding pre-trial jail credit is to prevent discrimination against indigent defendants who are unable to make bond prior to trial and appeal, unlike their counterparts with the financial means to obtain a bond. See State v. Watkins, 972 S.W.2d 703, 705 (Tenn. Crim. App. 1998); State v. Silva, 680 S.W.2d 485, 486 (Tenn. Crim. App. 1984); State v.

Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). This purpose would not be served by giving Appellant pre-trial jail credit in this case. Here, Appellant was being held in the Dickson County Jail pending trial for offenses committed in Dickson County.[1] Thus, even if Appellant had been able to post bond in this case for the Humphreys County charges, he would not have been released from the Dickson County Jail.

Furthermore, this Court has repeatedly held that section 40-23-101(c) only provides for credit against a sentence if the reason for the incarceration arises from the offense for which the sentence was imposed. See Abernathy, 649 S.W.2d at 286; Majeed v. State, 621 S.W.2d 153, 155 (Tenn. Crim. App. 1981); Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). Indeed, this Court has held that a defendant was not entitled to pretrial jail credit for time he served for a federal crime prior to his conviction in state court for another crime. Trigg, 523 S.W.2d at 376. Likewise, this Court has held that a defendant is not entitled to credit for jail time on a separate charge in another state. Majeed, 621 S.W.2d at 155. Similarly, Appellant is not entitled to pre-trial jail credit in this case because the reason for his confinement in the Dickson County Jail arose from the

---

[1]Appellant continues to maintain, as he did at the revocation hearing, that he was held in the Dickson County Jail for the charges in both Dickson and Humphreys Counties. However, the only evidence cited by Appellant in support of this claim is his own self-serving testimony at the revocation hearing. We agree with the trial court's determination that the record as a whole indicates that Appellant was held in the Dickson County Jail for the charges in the Dickson County case and not for the Humphreys County charges in this case.

Dickson County offenses and not the Humphreys County offense for which Appellant was sentenced in this case. This issue has no merit.[2]

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE

---

[2]Appellant's reliance on State v. Henry, 946 S.W.2d 833 (Tenn. Crim. App. 1997), is misplaced. In Henry, this Court stated that the defendant could receive pre-trial jail credit for both of the concurrent sentences that he had received after being convicted of two offenses in the same trial if he had been charged and held in jail for both offenses. Id. at 835. However, this Court noted that if the defendant had only been held on charges for one offense, he would not be entitled to pre-trial jail credit for the sentence for the other offense. Id. Thus, even under Henry, Appellant is not entitled to a pre-trial jail credit for his sentence in this case because he was not being held in the Dickson County Jail for the Humphreys County charges.