IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 28, 2003

## STATE OF TENNESSEE v. GREG SMITH

**Appeal from the Criminal Court for Campbell County**
**No. 11061     E. Shayne Sexton, Judge**

—————————————

**No. E2003-01092-CCA-R3-CD**
**February 18, 2004**
—————————————

The defendant, Greg Smith, appeals the trial court's denial of his motion to increase the number of pretrial jail credits applied to his sentence. Because the defendant has no appeal as of right under Tennessee Rule of Appellate Procedure 3(b), the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

GARY R. WADE, P.J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. JOSEPH M. TIPTON, J., filed a concurring opinion.

Greg Smith, Petros, Tennessee, *pro se*.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; and Michael C. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 1, 2002, the defendant entered a plea of guilt to one count of theft of property valued at more than $500. Pursuant to a plea agreement, the defendant received a sentence of two years to be served consecutively to the sentences he had received in two other cases. In addition, the agreement provided that the defendant would receive pretrial jail credit for the period from February 11, 2002, to March 1, 2002. Nearly one year later, the defendant filed a motion in the trial court contending that the appropriate amount of pretrial jail credits had not been applied to his sentence. One week later, the defendant filed a second motion seeking the application of the pretrial jail credits. The trial court dismissed the requests without a hearing, ruling that it was without jurisdiction because the defendant was within the custody of the Department of Correction and that the defendant had received the amount of pretrial jail credit contemplated by the plea agreement. A third pleading seeking pretrial jail credits was also dismissed by the trial court, which determined that it had already addressed the issue and had concluded that the defendant was not entitled to more pretrial jail credits.

In this appeal, the defendant contends that he has not received the jail credits to which he is entitled under the terms of the plea agreement. The state submits that the defendant has received the appropriate amount of credits and, in the alternative, that the appropriate avenue of relief on the issue of the application of pretrial jail credits is the Uniform Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 to -325.

Initially, it is apparent that the defendant filed his motions after the judgment of the trial court had become final and after he was in the custody of the Department of Correction. Generally, the trial court retains jurisdiction to modify a sentence once it becomes final only so long as the defendant is confined in the local jail or workhouse. See Tenn. Code Ann. §§ 40-35-212(c), -314(c); cf. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978) ("[A] trial judge may correct an illegal, as opposed to an erroneous, sentence at any time, even if it has become final."). In consequence, the trial court was without jurisdiction to grant the defendant's request even if it had endeavored to do so. Moreover, no appeal as of right lies from the trial court's dismissal of the motions.

Tennessee Rule of Appellate Procedure 3 provides for an appeal as of right "from any judgment of conviction . . . from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). The trial court's denial of a motion seeking application of pretrial jail credits is not listed as an action from which an appeal as of right lies. Further, even if the defendant's motion could be recast as a motion to correct the sentence, a trial court's order denying a motion to correct a sentence is generally not appealable as a matter of right. Cox v. State, 53 S.W.2d 287, 293 (Tenn. Crim. App. 2001). In consequence, the defendant has no basis for appealing the trial court's denial of his motion because he has no appeal as a matter of right under Tennessee Rule of Appellate Procedure 3(b).

Regardless of the procedural deficiency, however, the record establishes that the defendant was awarded the number of pretrial jail credits contemplated by his plea agreement. The agreement, signed on March 1, 2002, states that the effective date of the sentence shall be February 11, 2002. The judgment form reflects that same effective date, awarding pretrial jail credit from February 11, 2002, until March 1, 2002. Further, the defendant is not entitled to credit for time spent on Community Corrections in an unrelated case. See Tenn. Code Ann. § 40-23-101(c) (stating that the defendant shall receive credit for any time served "arising out of the original offense for which the defendant was tried"); see also State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983); Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975); State v. Jaye Wesley Mitts, No. E2002-00016-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Dec. 5, 2003). Nor is he entitled to credit in this case for time served in the jail after the revocation of his Community Corrections sentence as that time was credited to the sentence imposed in that case. See Tenn. Code Ann. § 40-23-101(c); State v. Cavitt, No. E1999-00304-CCA-R3-CD (Tenn. Crim. App., at Knoxville, July 13, 2000) (rejecting "double-dipping" of credits for a period of confinement for two separate and unrelated charges).

Accordingly, the appeal is dismissed.

_____

GARY R. WADE, PRESIDING JUDGE