# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs August 14, 2012

## STATE OF TENNESSEE v. JERMAIN SEAN LIPFORD

**Appeal from the Circuit Court for Franklin County**
**No. 19129-B    Thomas W. Graham, Judge**

───────────

**No.  M2011-00137-CCA-R3-CD - Filed September 19, 2012**

───────────

Appellant, Jermain Sean Lipford, was indicted by the Franklin County Grand Jury for initiating a process to manufacture methamphetamine, manufacturing methamphetamine, felony possession of drug paraphernalia, reckless endangerment, felony possession of methamphetamine with intent to sell or deliver, driving under the influence, violation of the implied consent law, driving on a revoked license, and fourth offense driving on a revoked license.  Appellant pled guilty to initiating a process to manufacture methamphetamine.  As a result, Appellant was sentenced to eight years, to be served in the Community Corrections program after the service of 150 days in incarceration.  After the issuance of a revocation warrant and hearing, Appellant conceded the grounds for the violation of his Community Corrections sentence.  Appellant was ordered to serve the original sentence.  Appellant appeals, arguing that the trial court improperly determined Appellant was not entitled to jail credit.  After a review of the record, we conclude the trial court properly awarded sentencing credits to Appellant.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

B. Jeffery Harmon, District Public Defender and Robert G. Morgan, Assistant Public Defender, for the appellant, Jermain Sean Lipford.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. FACTS

Appellant was indicted in May of 2010 by the Franklin County Grand Jury for initiating a process to manufacture methamphetamine, manufacturing methamphetamine, felony possession of drug paraphernalia, reckless endangerment, felony possession of methamphetamine with intent to sell or deliver, driving under the influence, violation of the implied consent law, driving on a revoked license, and fourth offense driving on a revoked license.

On June 17, 2010, Appellant pled guilty to initiating a process to manufacture methamphetamine, a class C felony. Appellant was sentenced as a Range I, standard offender to eight years in incarceration. The trial court ordered Appellant to serve 150 days in incarceration followed by Community Corrections. Appellant received pretrial jail credit from March 5, 2010 to June 17, 2010.

On January 27, 2011, the trial court issued a revocation warrant. The warrant was executed on December 13, 2011. A revocation hearing was held that day, during which Appellant conceded the grounds for the violation, including: (1) failure to report to case officer as required; (2) new charges in Coffee County for manufacture/sale/deliver of a controlled substance, promotion of methamphetamine, and drug paraphernalia; (3) failure to do community service work as required; and (4) failure to pay supervision fees, fines, and court costs as required.

The trial court issued a revocation order, effective December 13, 2011, for Appellant to serve the original eight year sentence. The trial court awarded Appellant credit for 150 days time served in the county jail and 168 days time served in Community Corrections. The 150 days were calculated by adding 94 days of pretrial jail credit from March 5, 2010, to June 17, 2010, and 56 days of jail time from June 17, 2010, to release on Community Corrections on August 8, 2010.

Appellant filed an untimely notice of appeal. However, in an order entered February 2, 2012, this Court waived the timely filing of the notice of appeal. Appellant challenges the trial court's refusal to grant "jail credit while incarcerated due to an unrelated matter and awaiting service of a probation violation warrant in the matter sub judice."

-2-

*Analysis*

Appellant insists that he is entitled to jail credit from December 8, 2010, to the date of the revocation because "if his eight year sentence was being served concurrently, the court should grant him the benefit of jail credit while incarcerated in another county or state prison while a "hold" had been placed on him by the Franklin County Jail." The State disagrees.

Tennessee Code Annotated section 40-23-101 provides, in pertinent part, as follows:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40-23-101(c). "The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). "The language [of Code section 40-23-101(c)] leaves no room for discretion, and when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary." *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn. 1965). The statute provides that a detainee has "an absolute right to credit for time in jail in 'which he was committed pending his arraignment and trial' and 'for the time he served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which he was tried.'" *Trigg v. State*, 523 S.W.2d 375, 375 (Tenn. Crim. App. 1975) (quoting T.C.A. § 40-23-101(c)). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg*, 523 S.W.2d at 376. Thus, the trial court is statutorily required to credit the defendant with all time spent in confinement pending arraignment and trial on the offense or offenses that led to the challenged convictions. This Court has repeatedly rejected "double dipping" for credits from periods of continuous confinement for two separate and unrelated charges. *See e.g. State v. Michael Bikrev*, No. M2001-01620-CCA-R3-CD, 2002 WL 170734 (Tenn. Crim. App., at Nashville, Feb. 4, 2002); *State v. Frederick Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941 (Tenn. Crim. App., at Knoxville, July 13, 2000).

In the case herein, Appellant argues that there was a "hold" placed on him by the Franklin County Jail on June 6, 2011, for purposes of serving the revocation warrant and that he is entitled to jail credit from the date of the "hold" or "following the issuance of the revocation warrant but prior to the revocation order" despite the fact that he was serving a four-year sentence for new charges he received in Coffee County. We disagree. The purpose of the statute would not be served by granting Appellant jail credit in this case. Here, Appellant was incarcerated on the Coffee County convictions at the time of the issuance of the revocation warrant. The record does not reflect that there was a "hold" placed on him by Franklin County. The record indicates that counsel was appointed on the revocation warrant as early as October 27, 2011, even though the warrant was not served until December 13, 2011. However, the record does not show whether Appellant was still serving the Coffee County sentence at that time or whether the Coffee County sentence is concurrent or consecutive to the case at issue herein. Again, this Court has repeatedly held that Tennessee Code Annotated section 40-23-101(c) only provides for credit against a sentence if the reason for the incarceration arises from the offense for which the sentence was imposed. *See Abernathy*, 649 S.W.2d at 286; *Majeed v. State*, 621 S.W.2d 153, 155 (Tenn. Crim. App. 1981); *Trigg*, 523 S.W.2d at 376.

We conclude that Appellant is not entitled to credits from a period of continuous confinement in this State for separate and unrelated charges. Based on the record before this Court, the trial court properly credited Appellant all appropriate sentencing credits. This issue is without merit.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

-4-