IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2017

## STATE OF TENNESSEE v. CHARLES TIMOTHY KRAUSS, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 107838   Bob R. McGee, Judge**

_____

**No. E2016-02329-CCA-R3-CD**

_____

The Defendant, Charles Timothy Krauss, alias, pled guilty to two counts of theft of property valued at $10,000 or more but less than $60,000 and received a total effective sentence of ten years as a Range III, persistent offender. He applied for but was denied probation. Additionally, the trial court denied his request for pretrial jail credits for the time he had spent in confinement in Mississippi. He filed a Tennessee Rule of Criminal Procedure 33 motion requesting jail credits for the period from January 9, 2013, to February 9, 2016. According to the Defendant, he was entitled to the credits because he had requested, pursuant to the Interstate Compact on Detainers, that he be transferred to Tennessee to answer to the Knox County charges. The trial court denied the motion, and we affirm that denial.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Mark E. Stephens, District Public Defender; and Jonathan P. Harwell (on appeal) and Christy A. Murray (at hearing), Assistant Public Defenders, for the appellant, Charles Timothy Krauss, alias.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and Sarah W. Keith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On July 27, 2016, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 33 asking that he be awarded jail credits for the time he was incarcerated in Mississippi for a conviction in that state before being returned to Tennessee for resolution of the pending charges in Knox County. He argued in that motion that he was entitled to the credits because, while in custody in Mississippi, he had requested that he be returned to Tennessee, which did not occur, and that this delay had "affected the service of his sentence in Mississippi as well as his eligibility for release." Accordingly, in his view, the "time spent in Mississippi therefore was related to the conviction in [his Tennessee] case."

## ANALYSIS

Tennessee Code Annotated section 40-23-101(c) sets out when a defendant is to be allowed jail credits:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Following the arguments of counsel regarding the Defendant's motion, the trial court denied relief, explaining:

> I've read the case [defense counsel] cited [State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983),] and it really doesn't seem to help the [D]efendant all that much. That Petitioner was denied relief. And, actually, the Court pretty much said, look, when you got something pending in Tennessee and you go get yourself in trouble in another state, that does not mean that Tennessee has additional burdens to help you out. You got yourself in this trouble.

Now, they would, under the Interstate Detainer Act. But if Mississippi's not a party to that, there's nothing we can do to force that. That wouldn't work. The fact that Tennessee could have gone down and gotten him and chose not to, under the case that [defense counsel] cited, that I read, that does not place on Tennessee any greater burden to try to rescue him from his peril.

The record supports the trial court's decision in this regard. Defense counsel argued that "as a result of not being transferred [to Tennessee], [the Defendant] was denied earlier parole . . . [and] program credits." However, as the State correctly points out, although the Defendant and his counsel made this claim, there was no documentary evidence that this was the case. The Defendant argues that because he had suffered "deprivations" in Mississippi because of the pending Tennessee indictment and had requested that he be returned to Tennessee, "both fairness and a reasonable construction of the statute mandate that pretrial credit be awarded."

We disagree with the Defendant's interpretation of Tennessee Code Annotated section 40-23-101(c), for its plain language provides for the awarding of jail credits only when a defendant is incarcerated as the result of charges pending in this state. In fact, the Defendant was serving a sentence in Mississippi as the result of crimes committed in that state. As for the claim that he suffered deprivations in Mississippi as the result of the pending Tennessee charges, there is neither adequate proof of this claim nor any accounting of the actual effect on the Mississippi convictions. Accordingly, we conclude, as did the trial court, that his claims are without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

- 3 -