IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2019 Session

## STATE OF TENNESSEE v. CHRISTOPHER BRETTON BLY

**Appeal from the Circuit Court for Coffee County**
**Nos. 40589, 41543, 41544, 45070     Vanessa Jackson, Judge**

_____

### No. M2018-00653-CCA-R3-CD

_____

Christopher Bretton Bly, Defendant, was arrested in Coffee County for two counts of aggravated burglary, one count of theft under $500, two counts of vandalism over $1,000, one count of theft over $1,000, one count of theft over $500, and one count of vandalism under $500. Subsequent to this arrest, Defendant was incarcerated in the Tennessee Department of Correction ("TDOC") for a probation violation in Wilson County. After Defendant completed his service on the Wilson County sentence, he pled guilty to the charges in Coffee County. Defendant later filed a Rule 36 motion to obtain pretrial jail credit on the Coffee County case, and the trial court partially granted the motion. On appeal, Defendant argues that he is entitled to the time he served in TDOC on the Wilson County probation violation as pretrial jail credit on the Coffee County case. After a thorough review of the record and applicable case law, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Drew Justice, Murfreesboro, Tennessee, for the appellant, Christopher Bretton Bly.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Craig Northcott, District Attorney General; and Joshua C. Powell, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural History

This appeal involves the timelines from three separate incidents: (1) Wilson county convictions for aggravated burglary (the "Wilson County case"), (2) a Coffee County conviction for theft (the "first Coffee County case"), and (3) additional Coffee County convictions in cases 41,543F (aggravated burglary, theft under $500, vandalism over $1,000) and 41,544F (aggravated burglary, theft over $1,000, vandalism over $1,000, aggravated burglary, theft over $500, and vandalism under $500) (the "second Coffee Count case"). The timeline as gleaned from the record is as follows:

May 19, 2014: Defendant was sentenced in the Wilson County case to four years' probation.

May 28, 2014: Defendant pled guilty in the first Coffee County case and received a four-year suspended sentence, ordered to be served consecutive to the Wilson County case.

August 14-15, 2014: Defendant committed aggravated burglary while on probation and was arrested in the second Coffee County case.

August 29, 2014: A violation of probation warrant was issued for Defendant's arrest for violating the terms of probation in the first Coffee County case. This warrant was executed September 3, 2014.

November 25, 2014: Defendant was sent to TDOC following the Wilson County probation revocation.[1]

September 2, 2016: Defendant's Wilson County sentence expired.[2]

May 15, 2017: The trial court issued an order revoking Defendant's probation in the first Coffee County case and sentencing him to serve his four-year sentence in TDOC. The same day, Defendant pled guilty in the second Coffee County case and was sentenced to serve ten years in TDOC. The judgment form stated that Defendant's ten-year sentence in the second Coffee County case was to be served concurrently with

---

[1] It is unclear from the record when the Wilson County warrant was filed and served.

[2] This date is mentioned in the record from the transcript of Defendant's December 13, 2017 hearing on his Rule 36 motion and the trial court's February 14, 2018 Order Granting Jail Credits. This date is not contested by Defendant or the State on appeal.

Defendant's four-year sentence in the first Coffee County case. The trial court failed to grant any pretrial jail credit in the original judgments.

August 28, 2017: Defendant filed a Rule 36 motion for jail credits in the second Coffee County case.

December 13, 2017: The trial court held a Rule 36 motion hearing in which Defendant claimed that, while he was serving his sentence in TDOC on the Wilson County case, he was simultaneously awaiting trial in his second Coffee County case. Defense counsel stated, "[The Coffee County] sheriff sent [Defendant] to the TDOC to continue awaiting the trial in [the aggravated burglary charges in the second Coffee County case] and *also to serve out his Wilson County sentence*." (emphasis added). Defendant claimed that the trial court never found the second Coffee County case to be consecutive to the Wilson County case, and thus, the second Coffee County case was concurrent to the Wilson County case "by default." Therefore, Defendant asserted, his time served in TDOC on the Wilson County case should count as jail credit in the second Coffee County case since they were being served "concurrently." The State responded that Defendant's sentence in the Wilson County case was fully served before he entered pleas on the second Coffee County case. Therefore, the State contended, Tennessee Rule of Criminal Procedure 32 did not apply, and the trial court did not have to make a finding that the second Coffee County case was consecutive to the Wilson County case. The trial court stated, "[Defendant] should not be entitled to jail credit for that time that was spent in TDOC on the Wilson County case. Obviously, any other time that he spent in Coffee County he should get full credit for."

February 14, 2018: In the second Coffee County case, the trial court granted some of Defendant's requested jail credits and issued amended judgments. Specifically, the trial court granted pretrial jail credits for August 15, 2014, to November 24, 2014, and from September 2, 2016, to May 15, 2017.

April 9, 2018: Defendant filed a motion to accept a late-filed notice of appeal from the order on the Rule 36 motion and the judgments of conviction in the first and second Coffee County cases.

May 4, 2018: This court granted permission to late-file an appeal of the order on Defendant's Rule 36 motion but denied waiver to late-file an appeal of the judgments in the first and second Coffee County cases.

May 15, 2018: Defendant filed a pro se Post-Conviction Petition, claiming that he was denied his right to appeal the judgments of conviction in the first and second Coffee County cases.

June 28, 2018: In the second Coffee County case, the trial court again amended the judgments and granted pretrial jail credits for May 20, 2014, to November 24, 2014. Thus, the total pretrial jail credits for the second Coffee County case stood at May 20, 2014, to November 24, 2014, and from September 2, 2016, to May 15, 2017.

November 14, 2018: The Coffee County Circuit Court granted Defendant post-conviction relief in the form of a delayed direct appeal in the second Coffee County case.

November 26, 2018, Defendant filed his notice of appeal. On the same day, Defendant filed a motion to consolidate the direct appeal and the pending appeal from the denial of his Rule 36 motion. This court granted Defendant's motion to consolidate on November 30, 2018.

This appeal follows.

## Analysis

Defendant argues that the Wilson County case and the second Coffee County case were concurrent "by default" because the trial court did not specify that they were to be run consecutively and because none of the criteria of Tennessee Code Annotated section 40-35-115(b) were met to justify consecutive sentencing. Thus, Defendant claims that because the two sentences are concurrent, the time he spent in TDOC serving his sentence on the Wilson County case from November 25, 2014, to September 2, 2016, should count as pretrial jail credit in the second Coffee County case. In the alternative, Defendant requests that his plea be rescinded for "failure to reach a true meeting of the minds."

The State responds that the pretrial jail credits Defendant seeks do not arise from the offenses involved in the second Coffee County case. The State argues that the trial court was under no obligation to determine whether the second Coffee County case was concurrent or consecutive to the Wilson County case because the Wilson County case had already expired before Defendant entered a plea in the second Coffee County case.

"When an accused is taken into custody by the state, Tennessee is required to credit the sentence with the time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried." *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (citing Tenn. Code Ann. § 40-23-101(c)). "The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983).

- 4 -

Tennessee Rule of Criminal Procedure 32(c) states, in pertinent part:

(1) *Multiple Sentences from One Trial.* If the defendant pleads guilty or is convicted in one trial of more than one offense, the trial judge shall determine whether the sentences will be served concurrently or consecutively. The order shall specify the reasons for this decision and is reviewable on appeal. Unless it affirmatively appears that the sentences are consecutive, they are deemed to be concurrent.

. . . .

(2)(A)(i) Prior Tennessee Sentence Known. If the defendant has additional sentences *not yet fully served* as the result of convictions in the same court or in other courts of Tennessee and if this fact is made known to the court prior to sentencing, the court shall recite this fact in the judgment setting sentence, and the sentence imposed is deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively to the prior sentence or sentences. The judgment to make the sentences consecutive or concurrent shall explicitly relate the judge's reasons and is reviewable on appeal.

Tenn. R. Crim. P. 32. (emphasis added).

Here, Defendant's sentences in the Wilson County case and the second Coffee County case were not concurrent because the Wilson County sentence had expired on September 2, 2016, prior to Defendant's plea in the second Coffee County case on May 15, 2017. Thus, Defendant had no sentences "not yet fully served" as a result of a conviction in another Tennessee court at the time he was sentenced in the second Coffee County case. Defendant claims that, because the trial court did not run the sentences consecutively, they are by default concurrent sentences. However, Rule 32(c) only provides two instances for default concurrent sentences when a trial court fails to make a finding of consecutive sentences: (1) when multiple sentences arise from one trial, and (2) when a prior known Tennessee sentence has not yet been fully served at the time of sentencing on a new charge. Neither is the case here.

Defendant argues that because none of the criteria in Tennessee Code Annotated section 40-35-115(b)[3] was met, the Wilson County case and the second Coffee County case must be run concurrently. Part (a) of this statute reads, "[i]f a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section." Tenn. Code Ann. § 40-35-115(a) (2017). Part (d) states that "[s]entences *shall be ordered to run concurrently* if the criteria noted in subsection (b) are not met . . . ." Tenn. Code Ann. § 40-35-115(d) (2017) (emphasis added). Our supreme court has stated that

> [i]n interpreting statutes, we are required to construe them as a whole, read them in conjunction with their surrounding parts, and view them consistently with the legislative purpose. The construction must not be strained and must not render portions of the statute inoperative or void. We must seek a reasonable construction in light of the purposes, objectives, and spirit of the statute based on good sound reasoning.

*State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995) (internal citations omitted).

---

[3] Tennessee Code Annotated section 40-35-115(b) provides:

The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

Tennessee Code Annotated section 40-35-115 provides the criteria for a trial court to use to determine whether a defendant who "is convicted of more than one (1) criminal offense" should have the sentences run concurrently or consecutively. To read the statute as Defendant suggests, any time a person is convicted of an offense, he must be sentenced concurrently to any previously expired sentence, absent the criteria in section (b) or an express finding that the sentence is consecutive. Defendant's interpretation of the statute is "strained," unreasonable, and not "based on good sound reasoning." *See id*. Such a construction would also conflict with Tennessee Rule of Criminal Procedure 32(c)(2)(A)(i) which governs whether a new sentence should be run concurrently or consecutively to prior known sentences *not* yet fully served.

*"Arises Out Of"*

Tennessee Code Annotated section 40-23-101(c) provides that:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse, or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c) (2018). "As written, the statute provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the final sentence was imposed." *State v. Earl D. Mills*, No. E2004-01218-CCA-R3-CD, 2005 WL 1551339, at *3 (Tenn. Crim. App. July 5, 2005).

In *State v. Timothy S. Bradley*, a defendant was charged in two cases, one in Dickson County and one in Humphreys County. *State v. Timothy S. Bradley*, No. 01C01-9804-CC-00165, 1999 WL 155916, at *1 (Tenn. Crim. App. Mar. 23, 1999). While the defendant was in the county jail awaiting trial on the Dickson County case, he was charged in the Humphreys County case on December 2, 1996. *Id*. After continuing to spend the next seven months in the Dickson County jail, the defendant pled guilty in the Humphreys County case on July 19, 1997. *Id*. The Dickson and Humphreys County cases were run concurrently. The defendant argued on appeal that the time he spent in the Dickson County Jail subsequent to being charged in the Humphreys County case should be counted as pretrial jail credit in the Humphreys County case. *Id*. This court

rejected the defendant's argument, stating that Tennessee Code Annotated section 40-23-101(c) "only provides credit against a sentence if the reason for incarceration arises from the offense for which the sentence was imposed." *Id*. at *2. The defendant "was being held in the Dickson County Jail pending trial for offenses committed in Dickson County. Thus, even if [the defendant] had been able to post bond . . . for the Humphreys County charges, he would not have been released from the Dickson County Jail." *Id*.

In the same way, even if Defendant had posted bond in the second Coffee County case after his transport to TDOC on the Wilson County case, he would not have been released from TDOC. Defendant was not being held in TDOC on the second Coffee County case, and thus his TDOC confinement did not "'arise out of' the offense" of the second Coffee County case. *See id*. Thus, he has no allowance to that time as a matter of right. *Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975) (stating that "when the time spent in jail or prison . . . 'arises out of' the offense for which the sentence against which the credit is claimed[,] such allowance becomes a matter of right.") Because the sentences in the Wilson County case and the second Coffee County case were not concurrent, and because Defendant's time in TDOC from November 25, 2014, to September 2, 2016, did not "arise out of" the second Coffee County case, he is not entitled to pretrial jail credit for that time.

*Rescinding the Plea Agreement*

Defendant states, "[i]f this perfectly legitimate request cannot be granted, [Defendant] asks that the entire plea agreement be struck and rescinded, and the convictions REVERSED for failure to reach a true meeting of the minds." Defendant presents this alternative remedy for the first time in his appellate brief's concluding paragraph. He provides no authority or argument for his contention that, absent this court's grant of almost two years of pretrial jail credits, he is entitled to withdraw his guilty plea due to "failure to reach a true meeting of the minds." Tennessee Rule of Criminal Procedure 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." The argument is waived.

## Conclusion

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE