FILED

10/14/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs on September 4, 2024

**STATE OF TENNESSEE v. BRANDON THEUS**

**Appeal from the Circuit Court for Madison County**
**No. 22-794    Joseph T. Howell, Judge**

_____

**No. W2023-01676-CCA-R3-CD**

_____

The pro se Defendant, Brandon Theus, appeals from the trial court's denial of his Tennessee Rule of Criminal Procedure 36 motion to correct a clerical mistake in his judgments of convictions for simple possession of methamphetamine and driving on a suspended license. The Defendant argues the trial court should have granted his motion to award pretrial jail credit on his sentence in the instant case, which had been ordered to run consecutively to separate cases that were pending parole revocation proceedings at the time of the Defendant's sentencing. The State contends that the Defendant's appeal was untimely, that the record is inadequate for review, and, nonetheless, that the trial court did not abuse its discretion by denying the Defendant's motion to correct a clerical mistake. We conclude that the appeal is timely and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Brandon Theus, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Bradley F. Champine, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.    FACTUAL AND PROCEDURAL HISTORY**

A.     Underlying Proceedings

The record on appeal is scant, as it contains neither the indictment nor the uniform judgment documents for the Defendant's underlying case.  Also absent are records containing details of the Defendant's custodial status for the relevant cases—*e.g.*, booking dates for the underlying offenses and the parole revocation warrant.  The record on appeal does contain a transcript of a sentencing hearing on the instant case that occurred on May 11, 2023.  We base the following procedural history on the limited information set forth therein.

According to the statements of the prosecutor at the sentencing hearing, the Defendant was originally charged with driving on a suspended license and two alternate counts of possession of methamphetamine with the intent to sell and deliver.  On May 11, 2023, a jury convicted the pro se Defendant of the lesser included offenses of simple possession of methamphetamine, which the trial court merged, and of driving on a suspended license, as charged.  The trial court discharged the jury and proceeded directly to a sentencing hearing on the misdemeanor convictions.

At the sentencing hearing, the prosecutor noted that the Defendant was convicted of facilitation of first degree murder and attempted robbery in 2001 and received a sentence of fifteen years' incarceration.  Shortly after his completion of this sentence, the Defendant committed the offense of being a felon in possession of firearm on May 20, 2015, for which he was later convicted in case number 16-14 and given a sentence of nine years' incarceration.  In 2017, in case number 16-496-B, the Defendant was convicted of coercion of a witness and "sentenced to an additional [three] years."[1]  According to the prosecutor, the proof adduced at trial demonstrated that the Defendant was on parole for case numbers 16-14 and 16-496-B when he committed the instant offenses.

The State asked the trial court to impose the maximum sentences for the misdemeanors and to run them consecutively to each other and the Defendant's "parole violation" in case numbers 16-14 and 16-496-B.  The trial court first merged the simple possession convictions.  The trial court then imposed maximum incarcerative sentences of eleven months and twenty-nine days and six months for the simple possession and driving

---

[1] From the prosecutor's statement, it is not entirely clear whether this three-year sentence was ordered to run consecutively to the nine-year sentence in case number 16-14.  Additionally, we note that, in referencing the coercion case, the prosecutor refers to the case number as 14-496-B, but the trial court later refers to the case number as either 16-496 or 16-496-B.  Due to the inadequate record on appeal, we are unable to resolve this discrepancy.  Accordingly, for consistency purposes, we will use case number 16-496-B.

convictions, respectively. The trial court ordered these misdemeanor sentences to run concurrently with one another but consecutively "to Docket Number 16-14 and 16-496[-B]." The trial court explained,

> I will note that because he was on parole, consecutive sentencing would be appropriate because he was on bond and because of his prior convictions of facilitation of first degree murder, attempted robbery, being a convicted felon in possession of a firearm and coercion of a witness, and by [the Defendant's] own admission, he's been in trouble with the law and in this court since he was [seventeen] years old.

The record does not reflect whether the Defendant filed a motion for new trial. To date, the Defendant has not sought a direct appeal from these judgments.

### B.     Motion to Correct a Clerical Mistake

On July 28, 2023, the Defendant filed a motion to correct a clerical mistake, alleging that the judgments entered against him for simple possession and driving on a suspended license did not "specify any jail time to be credited which the Defendant [was] entitled to." In that motion, the Defendant averred that he was taken into custody and incarcerated in the Madison County Jail from January 9, 2022, through October 19, 2022, which amounted to 280 days and thus "squashe[d]" his effective eleven-month and twenty-nine-day sentence based upon its required service percentage.

The State responded on August 1, 2023, arguing that the "alleged 'mistake' is not a mistake at all" because "[t]he 'pretrial jail credit' box on the judgment was intentionally left blank." The State noted that the trial court had sentenced the Defendant consecutively to the case on which the Defendant was paroled at the time of the offenses. Finally, the State indicated that at the time of filing the response, the Defendant's parole hearing was still pending because the Defendant's parole officer was "waiting to conduct the parole revocation hearing until the [D]efendant [was] transferred to [the Tennessee Department of Correction ("TDOC")]."

On October 23, 2023, the trial court clerk filed the trial court's order denying the Defendant's motion to correct a clerical mistake. In that order, the trial court stated the original judgments, filed on May 16, 2023, were correct. The trial court explained, "Jail credits were not listed on the judgment because the sentence was ordered consecutive to the Defendant's parole violation in 16-14 and 16-496-B."

Later that same day, October 23, the trial court clerk filed the Defendant's amended motion to correct a clerical mistake, which had been mailed from prison days earlier. In his amended motion, the Defendant repeated many of his claims from his original motion but additionally asserted that the assistant district attorney "admit[ted] to intentionally withholding [j]ail credits from the [judgment] because the [D]efendant had a pending parole violation hearing[,]" apparently in reference to the State's response of August 1, 2023.[2] Three days later, on October 26, 2023, the trial court clerk filed the trial court's order denying the Defendant's amended motion, with the same reasons given as in its original order.

On November 29, 2023, the appellate court clerk filed the Defendant's notice of appeal document in this case. The Defendant provided therein that he had signed the document on November 24, 2023, but he did not indicate when he delivered it to the appropriate prison official for mailing. We note that the envelope containing the notice of appeal reflects a postmark of November 27, 2023.

## II.    ANALYSIS

### A.    Timeliness of Appeal

As an initial consideration, we address the timeliness of this appeal. The State argues that the Defendant's notice of appeal was untimely because it was filed thirty-two days after the trial court denied his amended motion.[3] A notice of appeal must be "filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). As the State notes, the trial court's order was filed on October 26, 2023. The Defendant's deadline to file his notice of appeal normally would have been thirty days later, on November 25, 2023. But November 25, 2023, was a Saturday, so the Defendant's actual deadline would have been at the end of the next business day, which would have been Monday, November 27, 2023. *See generally* Tenn. R. App. P. 21(a) (providing rules of time computation).

---

[2] In this amended motion, the Defendant states that his incarceration in the Madison County Jail began on January 11, 2022, rather than on January 9, 2022, as he had previously averred in his original motion. Additionally, the Defendant states in his appellate brief "that he was in custody of the Madison County Jail from January 12, 2022[,] until October 19, 2022[,] for a period of continuous confinement of 281 days[,]" "plus the 8 days a month that adds up to 360 days owed to the [Defendant]." In his notice of appeal document, the Defendant indicates that the additional eight days a month is due to "good time" credit.

[3] Like the State, we consider the filing date of this second order to be operative in our timeliness analysis.

- 4 -

The State correctly notes that the Defendant's notice of appeal was not filed until November 29, 2023. However, the postmark on the envelope containing the notice of appeal reveals that it was mailed on November 27, 2023. Pursuant to the "prison mailbox rule,"

> [i]f papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. R. App. P. 20(g). By operation of this rule, the Defendant's notice of appeal was timely filed.

## B. Rule 36 Motion

The Defendant challenges on appeal the trial court's denial of his motion to correct a clerical mistake under Rule 36, arguing that the trial court should have included pretrial jail credit for the time he was in the custody of the Madison County Jail. The State argues that the trial court properly denied the Defendant's motion because the Defendant has failed to compile an adequate record for our review and, regardless, has failed to demonstrate that the trial court abused its discretion. For the following reasons, we agree with the State.

Tennessee Rule of Criminal Procedure 36 provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Clerical errors arise simply from a clerical mistake in filling out the uniform judgment document and may be corrected at any time. *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (citation omitted). This court has previously reviewed a trial court's ruling on a Rule 36 motion under an abuse of discretion standard. *See, e.g.*, *Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014) (citation omitted).

Trial courts have a statutory duty to award pretrial jail credit:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant

- 5 -

credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.

Tenn. Code Ann. § 40-23-101(c). The judgment form for any criminal conviction shall indicate "[t]he amount, if any, of pretrial jail credit awarded pursuant to [section] 40-23-101[.]" *Id*. § 40-35-209(e)(1)(P). The appropriate avenue for relief for a defendant who seeks to challenge the trial court's failure to award pretrial jail credit is to seek correction of a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36. *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (order).

"When a defendant has pretrial jail credits to be applied to consecutive sentences, the credits are applied only to the first sentence that is served; anything else would allow a defendant to 'double dip.'" *State v. Rivers*, No. W2018-00861-CCA-R3-CD, 2019 WL 3776026, at *7 (Tenn. Crim. App. Aug. 9, 2019) (first citing *Truitt v. State*, No. M2013-01848-CCA-R3-HC, 2014 WL 1408301, at *4 (Tenn. Crim. App. Apr. 10, 2014); and then citing *Dulworth v. Steward*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012)). "This Court has repeatedly held that [section] 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the sentence was imposed." *State v. Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *2 (Tenn. Crim. App. July 13, 2000). Put another way, "pretrial jail credits do not include time spent incarcerated on another conviction or before the commission of the offense at issue." *Rivers*, 2019 WL 3776026, at *7 (citing *Cavitt*, 2000 WL 964941, at *2); *see Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975) (under prior law, holding the award of pretrial jail credit is a matter of right only when the detention "'arises out of' the offense . . . against which the credit is claimed").

In view of these principles, if the Defendant was incarcerated on his parole violation at the time he was served with the charging instrument in the instant case, the Defendant would not be entitled to any pretrial jail credit accrued pending his judgments on the subsequent case. To grant such credit under those circumstances would allow the Defendant to "double dip" by receiving jail credit on both his original and consecutive sentences, a practice long prohibited under Tennessee law. Under this scenario, the Defendant's jail credit would accrue instead toward his parole violation and be applied by TDOC accordingly.

Alternatively, if the parole violation warrant was not served until after the Defendant had been incarcerated on this case, the Defendant would be entitled to pretrial jail credit for the period that elapsed between the initial incarceration and the service of the parole warrant. This is so because, during that time, the Defendant *only* would have been "committed and held . . . pending arraignment and trial" on the instant charges. *See* Tenn. Code Ann. § 40-23-101(c). To exclude such credit from the judgments under those circumstances would result in depriving the Defendant of that credit toward the service of both his parole violation and the instant case, a result that defeats section -101(c)'s purpose of addressing the "injustice between the person of means who could make bond and the person who could not and had to languish in jail." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983).

We have outlined two potential scenarios that could apply to the Defendant's case—one would entitle him to an award of pretrial jail credit on the instant judgments, and the other would foreclose his receiving such credit. On this scant record, we cannot determine which outcome is appropriate. As noted above, the record contains no documentation indicating when the Defendant was served with his parole revocation warrant versus when he was served with the charging instrument for this case. Nor did the Defendant provide such information in his pleadings to the trial court. It is the Defendant's duty to prepare an adequate record on appeal. Tenn. R. App. P. 24(a). When the record is inadequate for review, we presume that the ruling of the trial court is correct. *See State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). This is especially true in the context of pretrial jail credit where, "[u]nlike this court, the trial court presumably had a record before it that enabled it to make such a determination." *State v. Brittain*, No. W2019-01249-CCA-R3-CD, 2020 WL 5587413, at *2 (Tenn. Crim. App. Sep. 17, 2020) (affirming the denial of a motion for pretrial jail credit where a "sparse" record "ma[de] it impossible for this court to determine whether the [d]efendant had pretrial jail credits that were not accurately reflected on his judgment"). On this record, the Defendant has not shown that the trial court abused its discretion.

### III.  CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
KYLE A. HIXSON, JUDGE

- 7 -